UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-00717-MWF (RZx)**                    Date:  **August 22, 2012**

Title:      Mikayel Mnatsakanyan -*v*- TransUnion

---

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                  None Present

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT TRANSUNION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [12]

On June 25, 2012, the Court granted Defendant TransUnion's Motion to Dismiss the Complaint. (Docket No. 10). Plaintiff Mikayel Mnatsakanyan had not filed any opposition. On July 9, 2012, Mnatsakanyan filed a First Amended Complaint ("FAC"). (Docket No. 11). On July 23, 2012, TransUnion filed this Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"). (Docket No. 12). The Court has read and considered the papers filed on this Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for **August 27, 2012**, is removed from the Court's calendar. As set forth below, the Motion is DENIED IN PART and GRANTED IN PART.

The Motion seeks to dismiss Mnatsakanyan's third claim for relief under California Unfair Business and Professions Code § 17200 *et seq.*, fourth claim for relief under California Civil Code § 3294, and prayer for declaratory and injunctive relief. The Court in turn addresses each argument below.

The Motion is **DENIED** with respect to Mnatsakanyan's § 17200 claim. Relying on *Buckland v. Threshold Enterprises*, 155 Cal. App. 4th 798, 66 Cal.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-00717-MWF (RZx)**                         Date:  **August 22, 2012**

Title:       Mikayel Mnatsakanyan -*v*- TransUnion

---

Rptr. 3d 543 (2007), TransUnion argues that the claim should be dismissed because the FAC does not allege that Mnatsakanyan suffered restitution-type damages and consequently fails to plead standing.  However, the California Supreme Court rejected this reasoning and overruled *Buckland*.  *Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 120 Cal. Rptr. 3d 741 (2011); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 111 Cal. Rptr. 3d 666 (2010); *see also Allergan, Inc. v. Athena Cosmetics, Inc.*, 640 F.3d 1377, 1381-82 (Fed. Cir. 2011) (California Supreme Court has "ma[d]e clear that section 17204 only requires that a party allege an injury in fact and that the injury was caused by the defendant").

The Motion is **GRANTED** with respect to Mnatsakanyan's § 3294 claim.  Mnatsakanyan "incorrectly attempts to state a cause of action from a code section which only provides for damages related to a separate cause of action."  *Brown v. Adidas Int'l*, 938 F. Supp. 628, 635 (S.D. Cal. 1996) ("Contrary to plaintiff's allegations, punitive damages provide a remedy – they do not constitute a separate cause of action.").  Because amendment would be futile, Mnatsakanyan's fourth claim for relief under § 3294 is DISMISSED *with prejudice*.

However, the Court will construe the FAC as alleging a prayer for punitive damages under § 3294 and does not here reach whether Mnatsakanyan may be entitled to such damages in this action.

The Motion is **GRANTED** with respect to Mnatsakanyan's prayer for declaratory and injunctive relief.  Such relief is unavailable to private litigants under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  *Hogan v. PMI Mortgage Ins. Co.*, No. C 05-3851 PJH, 2006 WL 1310461, at *8-10 (N.D. Cal. May 12, 2006) (discussing asserted split of authority and finding that "Congress specifically enumerated the types of remedies available to consumers . . . and did not include injunctive or declaratory relief").  Nor does Mnatsakanyan's reliance on the Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785 *et seq.*, change this result.  *Id.* at *12 ("CCRAA § 1785.31, which provides for injunctive relief, is preempted by the FCRA.").  Because amendment would be futile, Mnatsakanyan's prayer for declaratory and injunctive relief is DISMISSED *with prejudice*.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-00717-MWF (RZx)**                    Date:  **August 22, 2012**

Title:      Mikayel Mnatsakanyan -*v*- TransUnion

---

    Accordingly, the Motion (Docket No. 12) is DENIED IN PART and GRANTED IN PART.

    IT IS SO ORDERED.